**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Stephanie S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-1465-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Stephanie S. ("Plaintiff") filed a Motion to Reconsider (the "Motion") the Court's July 30, 2025 Memorandum Opinion and Order (the "July 30, 2025 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 18. Defendant did not file a response in opposition. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY the Motion.

## I. LEGAL STANDARD

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac.*

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on May 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

## II. ANALYSIS

Plaintiff contends that reconsideration is warranted because the Court's July 30, 2025 Decision "does not address or resolve the issues raised in Plaintiff's Brief and Plaintiff's Response to Defendant's Brief and the respective arguments therein." ECF 18, at 1. Specifically, Plaintiff's argues that the ALJ's lack of a function-by-function analysis and express finding as to the maximum amount of sitting Plaintiff can perform on a regular and continuing basis frustrates meaningful review of the ALJ's decision and demands remand. ECF 18, at 2.

Plaintiff's argument centers on her belief that the Court relied on the "opinions of non-treating, non-examining consultants that the ALJ expressly deemed incomplete and materially inconsistent with his own RFC." *Id.* According to Plaintiff, this reasoning served "as a substitute for the missing, discrete determination of [her] sitting capacity." *Id.* Plaintiff also argues that in affirming the ALJ's decision, the Court misinterpreted "the relevant caselaw as permitting the ALJ the ability to violate SSR 96-8 with impunity, so long as 'an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail.'" *Id.* (citing the July 30, 2025 Decision, at 6 (citing *Sizemore v. Berryhill*, 876 F.3d 72, 80-81 (4th Cit. 2017))). Plaintiff continues that "[t]o the [extent] that this Court interprets *Sizemore* as carving out such an exception to the function-by-function assessment mandated by SSR 96-8p, *Sizemore* no longer controls." *Id.*

While the July 30, 2025 Decision did discuss the ALJ's consideration of the opinions of consultants, Plaintiff ignores that the ALJ also considered the Plaintiff's own testimony, objective medical records, and treatment records. July 30, 2025 Decision, at 4-6. True enough, the ALJ did not individually assess Plaintiff's ability to perform sedentary work. But, as discussed in the Court's decision, the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Id.* at 6 (quoting *Mascio v. Colvin*, 780 F. 3d 632, 636 (4th Cir. 2015)). It is where an ALJ "fails to assess a claimant's capacity to perform relevant functions despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review" that remand may be appropriate. *Id.* Plaintiff's argument rests on her selective and inaccurate reading of the Court's decision and reasoning. Neither the ALJ, in its analysis, nor the Court, in its more limited scope on review, relied solely on the "opinions of non-treating, non-examining consultants"; rather, "[t]he ALJ permitted meaningful review by incorporating the RFC assessment of persuasive sources, *including* the prior administration medical findings of the medical consultants[.]" *Id.* (emphasis added). As noted above, the Court's decision considered the ALJ's review of Plaintiff's testimony, objective medical records, and treatment records, in addition to a review of the opinions of consultants. The Court cited to *Sizemore* in a series of string citations illustrating cases that stand for this very proposition—that in the absence of a function-by-function assessment, an ALJ may still permit meaningful review in certain instances.[2]

[2] Plaintiff argues that the *Sizemore* court never addressed the ALJ 's failure to comply with SSR

Even if the ALJ could have provided a more robust narrative discussion pursuant to SSR 96-8p, such a failure alone does not control the outcome. It remains Plaintiff's burden to articulate why this failure warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. Sept. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *cf. Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (the applicant bears the burden of production and of proof during the first four steps of the inquiry). Accordingly, where, as here, there is no evidence that a more robust analysis would lead to a different (or more Plaintiff-favorable) result, an ALJ's apparent lack of narrative discussion constitutes harmless error. *See Turner v. Colvin*, No. 13-0761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, No. 13-0761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."); *see also Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand."). At bottom, Plaintiff asks the Court to "rethink what the Court had already thought through–rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 18, is DENIED. Despite

---

96-8p, and that the regulation applicable to its holding has since been amended by the Social Security Administration, changing the rules governing an ALJ's reliance on medical opinion. ECF 18, at 3 n. 1. This argument fails on two fronts. First, while *Sizemore* did not deal explicitly with SSR 96-8p, it did directly grapple with whether remand is required under *Mascio* when an ALJ fails to accommodate all limitations identified by a medical professional. This proposition directly affects the present case where Plaintiff argues that the ALJ did not accommodate her alleged sitting limitations. Second, Plaintiff cites to 20 C.F.R. § 404.1520c(a), which was not applicable in *Sizemore* but is applicable here. But Plaintiff selectively reads the regulation as mandating that "ALJs must 'not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[]'" as meaning that the ALJ cannot rely on medical opinions *at all*. ECF 18, at 3 n.1 (quoting 20 C.F.R. § 404.1520c(a)). While the regulation limits the ability to rely solely on a medical opinion, it mandates that "[w]hen a medical source provides one or more medical opinions or prior administrative medical findings, [the ALJ] will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed paragraph (c)(1) through (c)(5) of this section." 20 C.F.R. § 404.1520c(a). In other words, the ALJ may consider medical opinions, but must consider them in light of the entire record, as the ALJ did in this case.

the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge